**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| GENERAL ACCIDENT INSURANCE ) <br> COMPANY OF AMERICA, now known ) <br> As ONEBEACON INSURANCE ) <br> COMPANY, ) <br>  ) <br> Plaintiff, ) <br>  ) <br> v. ) <br>  ) <br> SOUTHAMPTON APARTMENTS LLC, ) <br> a dissolved North Carolina corporation; ) <br> TRAMMEL CROW RESIDENTIAL ) <br> COMPANY, a Texas corporation; ) <br> SOUTHAMPTON POINTE ) <br> TARRAGON, LLC; RANDOLPH ) <br> DEVELOPMENT, LLC; WOOD ) <br> PARTNERS, LLC; WOOD REAL ) <br> ESTATE INVESTORS, LLC; ) <br> LEONARD W. WOOD, an individual; ) <br> WARREN J. DURKIN, an individual; ) <br> JAMES R. SIMPSON, an individual; ) <br> DEBORAH ANDERSON, an individual; ) <br> MARTIN HELFLIN, an individual; ) <br> RYAN DEARBORN, an individual; ) <br> JOSHUA SCHAAP, an individual; ) <br> BOBBY R. BRYANT, an individual; ) <br> and RONAK PATEL, an individual, ) <br>  ) <br> Defendants. ) | **C.A. NO.** 2:11-cv-1563-CWH <br> <br> <br> **COMPLAINT FOR <br> DECLARATORY JUDGMENT** |

Plaintiff, GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, NOW KNOWN AS ONEBEACON INSURANCE COMPANY (hereinafter "OneBeacon"), by and through its undersigned counsel, files this Complaint for Declaratory Relief and in support thereof, states as follows:

**FACTS REGARDING JURISDICTION, VENUE AND PARTIES**

1. This is an action for Declaratory Relief pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure against the above named Defendants in which OneBeacon seeks a declaration of its rights and obligations under its policy in connection with two underlying state court actions.

2. At all times material hereto, General Accident Insurance Company of America, now known as OneBeacon Insurance Company, is and was a Pennsylvania corporation with its principal place of business in Massachusetts.

3. At all times material hereto, OneBeacon is and was an insurer that is eligible to issue insurance coverage under Texas law.

4. Upon information and belief, SOUTHAMPTON APARTMENTS LLC ("Southampton Residential") was a North Carolina corporation that is now dissolved.

5. Upon information and belief, TRAMMELL CROW RESIDENTIAL COMPANY ("Trammell Crow") was and is a Texas corporation.

6. Upon information and belief, SOUTHAMPTON POINTE TARRAGON, LLC, was and is a South Carolina corporation.

7. Upon information and belief, RANDOLPH DEVELOPMENT, LLC, was and is a South Carolina corporation.

8. Upon information and belief, WOOD PARTNERS, LLC, was and is a foreign corporation authorized to conduct business in South Carolina.

9. Upon information and belief, WOOD REAL ESTATE INVESTORS, LLC., was and is a Georgia limited liability company authorized to conduct and conducting business in South Carolina.

10. Upon information and belief, LEONARD W. WOOD, WARREN J. DURKIN, JAMES R. SIMPSON, DEPBORAH ANDERSON, MARTIN HEFLIN AND RYAN DEARBORN are members, partners, officers and/or employees of WOOD REAL ESTATE INVESTORS, INC.

11. Upon information and belief, LEONARD W. WOOD was and is a resident of Georgia and has done business in Charleston, South Carolina.

12. Upon information and belief, RYAN DEARBORN was and is a resident of Georgia and has done business in Charleston, South Carolina.

13. Upon information and belief, JAMES R. SIMPSON was and is a resident of North Carolina and has done business in Charleston, South Carolina.

14. Upon information and belief, DEBORAH ANDERSON was and is a resident of North Carolina and has done business in Charleston, South Carolina.

15. Upon information and belief, MARTIN HEFLIN was and is a resident of Tennessee and has done business in Charleston, South Carolina.

16. Upon information and belief, WARREN J. DURKIN was and is a resident of Florida and has done business in Charleston, South Carolina.

17. Upon information and belief, JOSHUA SCHAAP was and is a resident of South Carolina.

18. Upon information and belief, BOBBY R. BRYANT was and is a resident of South Carolina.

19. Upon information and belief, RONAK PATEL was and is a resident of South Carolina.

20. The amount in controversy exceeds the jurisdictional limit of $75,000 exclusive of interest, attorneys' fees and costs. This Court has diversity jurisdiction by virtue of 28 U.S.C. § 1332.

21. Venue is proper in the District of South Carolina, Charleston Division pursuant to 28 U.S.C. §1391(a) because at least one Respondent resides within the district, the subject property involved in the underlying actions is located in Mount Pleasant, South Carolina, litigation regarding the subject property is pending in Charleston County, South Carolina, and a substantial part of the events giving rise to the claim occurred in the district.

## GENERAL ALLEGATIONS

### I.  THE INSURANCE POLICY

22. OneBeacon insured Trammell Crow under a commercial general liability policy (the "Policy"), policy no. CGL0175209-00, effective February 15, 2000 to February 15, 2001. The Policy is attached hereto as Exhibit A.

23. Southampton Residential LLC is an insured or claims to be a purported insured under the Policy.

24. Southampton Pointe Tarragon, LLC is an insured or claims to be a purported insured under the Policy.

25. Randolph Development, LLC is an insured or claims to be a purported insured under the Policy.

26. Wood Partners, LLC is an insured or claims to be a purported insured under the Policy.

27. Wood Real Estate Investors, LLC., is an insured or claims to be a purported insured under the Policy.

28. Leonard W. Wood is an insured or claims to be a purported insured under the Policy.

29  Ryan Dearborn is an insured or claims to be a purported insured under the Policy.

30. James R. Simpson is an insured or claims to be a purported insured under the Policy.

31. Deborah Anderson is an insured or claims to be a purported insured under the Policy.

32. Martin Heflin is an insured or claims to be a purported insured under the Policy.

33. Warren J. Durkin is an insured or claims to be a purported insured under the Policy.

34. The Policy provides commercial general liability coverage under Section I - COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, in pertinent part as follows:

> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> **1. Insuring Agreement**
>
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.
>
> \* \* \*
>
> b. This insurance applies to "bodily injury" and "property damage" only if:

  (1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; and

  (2) The "bodily injury" or "property damage" occurs during the policy period.

35. The Policy contains the following exclusions pursuant to Section I.2:

**2. Exclusions**

This insurance does not apply to:

**k. Damage to Your Product**

"Property damage" to "your product" arising out of it or any part of it.

**l. Damage to Your Work**

"Property damage" to "your work" arising out of it or any part of it and included in the "products-completed operations hazard".

This exclusion does not apply if the damaged work out of which the damage arises was performed on your behalf by a subcontractor.

**m. Damage to Impaired Property Or Property Not Physically Injured**

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

 (1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "or work"; or

 (2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden

                    and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

36.     Coverage under the Policy is subject to the following conditions:

        **SECTION IV—COMMERCIAL GENERAL LIABILITY CONDITIONS**

        **\*\*\***

        **2.     Duties In The Event Of Occurrence, Offense, Claim Or Suit**

            a.     You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

                (1)     How, when and where the "occurrence" or offense took place;

                (2)     The names and addresses of any injured persons and witnesses; and

                (3)     The nature and location of any injury or damage arising out of the "occurrence" or offense.

            b.     If a claim is made or "suit" is brought against any insured, you must:

                (1)     Immediately record the specifics of the claim or "suit" and the date received; and

                (2)     Notify us as soon as practicable.

            You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

            c.     You and any other involved insured must:

                (1)     Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

                (2)     Authorize us to obtain records and other information;

      (3)  Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

      (4)  Assist us, upon our request, enforcement of any right against any person or organization which may be insured because of injury or damage to which this insurance may also apply.

  d.  No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

\*\*\*

### 4. Other Insurance

If other valid and collectible insurance is available to the insured for a loss we cover under Cover-ages A or B of this Coverage Part, our obligations are limited as follows:

**a. Primary Insurance**

This insurance is primary except when b. below applies. If this insurance is primary, our obligations are not affected unless any of the other insurance is also primary. Then, we will share with all that other insurance by the method described in c. below.

**b. Excess Insurance**

This insurance is excess over:

\*\*\*

  (2)  Any other primary insurance available to you covering liability for damages arising out of the premises or operations, or the products and completed operations, for which you have been added as an additional insured by attachment of an endorsement.

    When this insurance is excess, we will have no duty under Coverages A or B to defend the insured against any "suit" if any other insurer has a duty to defend the insured against that "suit". If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

37. SECTION V of the Policy, "DEFINITIONS," states in relevant part as follows:

### SECTION V – DEFINITIONS

17. "Property damage" means:

   a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it: or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

18. "Your product" means:

   a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

      (1) You

      (2) Others trading under your name; or

      (3) A person or organization whose business or assets you have acquired; and

   b. Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

   "Your product" does not include vending machines or other property rented to or located for the use of others but not sold.

19. "Your work" means:

   a. Work or operations performed by you or on your behalf; and

   b. Materials, parts or equipment furnished in connection with such work or operations.

   "Your work" includes:

   a. Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work"; and

      b.     The providing of or failure to provide warnings or instructions.

38.     The policy also contains a Named Insured Endorsement, G-1881-S Rev. 7.86, which states as follows:

> Trammell Crow Residential Company and all its affiliated and subsidiary companies or corporations including joint ventures and partnerships or any other subsidiary or other entity that is now existing or may hereafter be constituted, acquired or created which is owned, controlled or operated by Trammell Crow Residential Company for which Trammell Crow Residential Company has the responsibility for obtaining insurance as afforded by this policy.

## II.    UNDERLYING ACTIONS

39.     On May 12, 2009, Joshua Schaap, Bobby R. Bryant and Ronak Patel, on behalf of themselves and others similarly situated, filed suit against Trammell Crow, Southampton Residential, Southampton Pointe Tarragon, Randolph Development and Wood Partners, case number 2009CP1002978, in the Court of Common Pleas in Charleston County, South Carolina. On June 3, 2011, the complaint was amended to add Wood Real Estate Investors, LLC, Leonard W. Wood, Warren J. Durkin, James R. Simpson, Deborah Anderson, Martin Heflin, and Ryan Dearborn as defendants. See Schapp Second Amended Complaint, attached as Exhibit B.

40.     On September 15, 2009, Southampton Property Owners Association (Southampton POA) filed suit against Trammell Crow, Southampton Residential, Southampton Pointe Tarragon, Randolph Development and Wood Partners, case number 2009CP1005830, in the Court of Common Pleas in Charleston County, South Carolina. On June 3, 2011, the complaint was amended to add Wood Real Estate Investors, LLC, Leonard W. Wood, Warren J. Durkin, James R. Simpson, Deborah Anderson, Martin Heflin, and Ryan Dearborn as defendants (together with the original defendants, collectively referred to herein as "underlying

defendants"). See Southampton Property Owners Association Third Amended Complaint, attached as Exhibit C.

41. Both lawsuits referenced above (collectively referred to as the "underlying actions") allege that the underlying defendants developed and constructed the Southampton Apartments, a multi-unit apartment construction project (the "project"). Upon information and belief, the underlying defendants performed construction on the project in 1998 and 1999.

42. The underlying lawsuits allege negligence on the part of the underlying defendants for construction defects at the project.

43. The underlying actions also allege that the underlying defendants failed to adequately fund for future maintenance and repairs.

44. Upon information and belief, Southampton Residential sold the property in the year 2000.

45. After Southampton Residential sold the property, the apartments were converted into condominium units.

46. Upon information and belief, in 2004 and/or 2005 the plaintiffs in the underlying actions purchased units in the Southampton Apartment building after the apartments had been converted to condominiums.

## COUNT I – DECLARATORY RELIEF

47. OneBeacon adopts and incorporates by reference the allegations in paragraphs 1 through 31 as if fully set forth herein.

48. Coverage under the insuring agreement in OneBeacon's Policy is limited to "property damage" that occurred during the policy period. There is no allegation in the underlying actions of "property damage" occurring during the policy period.

49. Plaintiffs in the underlying actions did not own their property until at least 2004. Therefore, plaintiffs in the underlying actions could not have suffered "property damage" to their properties during the OneBeacon policy period which expired in February 2001.

50. Coverage for any "property damage" suffered by the underlying plaintiffs is excluded or negated by one or more of the above-referenced Policy exclusions.

51. The Policy requires the insured(s) to cooperate and assist in the investigation of a claim or suit. The cooperation and assistance required of the insured(s) includes providing information with respect to all other carriers whose polices might potentially apply to the allegations in the underlying actions and involving those other carriers equally in the defense and investigation of the underlying actions.

52. The Policy's "other insurance" provisions set forth how the Policy will apply in connection with other potentially applicable coverage. Therefore, OneBeacon is entitled to obtain all information necessary in order to make such a determination, and is entitled to engage any other potentially applicable insurer(s) in the investigation and defense of the underlying actions.

53. The insured(s) have failed to provide the required information or cooperation, thereby breaching the Policy conditions and resulting in prejudice to OneBeacon. Further, upon information and belief the insureds have asked other insurers not to participate in the defense of the underlying actions.

54. As a result, coverage (if any) has been forfeited by the breach and resulting prejudice to OneBeacon.

55. The Policy's "other insurance" provisions expressly provide that coverage under the Policy is excess to any and all other potentially applicable primary policies where an insured

has been named as an additional insured. Assuming for the sake of argument that the Policy provides coverage for any damage alleged in the underlying complaints, such coverage is excess to all other policies which insure the insured(s) or purported insured(s) as additional insureds.

56. Where the Policy is excess, OneBeacon has no duty to defend.

57. OneBeacon also has no duty to defend or indemnify the underlying defendants who do not meet the criteria for coverage as an insured, named insured or additional insured.

58. OneBeacon is in doubt of its right under the Policy and, by this Petition, seeks a declaration of its rights and obligations with respect to the aforesaid underlying actions.

59. OneBeacon seeks a declaration by this Court that under the above-referenced Policy of insurance OneBeacon has no duty to defend and has no duty to indemnify the underlying defendants in connection with the underlying actions because:

    A.    No "property damage" is alleged to have occurred during OneBeacon's policy period;

    B.    The plaintiffs in the underlying actions cannot claim "property damage" to their properties during OneBeacon's policy period, as none of the plaintiffs owned their properties during the policy period;

    C.    The allegations concerning inadequate funding do not constitute "property damage" under the Policy;

    D.    Coverage for any alleged "property damage" is negated by one or more of the Policy's exclusions;

    E.    The insureds' failure to tender to and involve its other insurers in the defense and/or indemnity of the underlying actions violates the Policy's conditions, which results in a forfeiture of coverage under the policy;

    F.    Other policies provide primary coverage to one or more insureds under the Policy as additional insured(s), therefore, the Policy is excess over any and all such policies and OneBeacon has no duty to defend the underlying actions;

    G.    Some of the underlying defendants are not named insureds, insureds or additional insureds under the Policy.

60. There exists a bona fide actual present and practical need for the declaration of coverage available under the Policy.

61. There exists a present ascertained or ascertainable state of facts or present controversy as to a state of facts concerning the rights and obligations of OneBeacon under the Policy.

62. The rights and obligations of OneBeacon under the Policy are dependent upon the facts and the law applicable to the facts affecting coverage under the Policy.

63. OneBeacon and each of the Respondents have an actual, present controversy in the subject matter described herein.

64. All proper and present interests are before the Court by proper process.

65. All conditions precedent to the initiation and maintenance of this action have been complied with, have occurred, or have been waived.

WHEREFORE, Plaintiff, OneBeacon Insurance Company respectfully requests that this Court enter a judgment declaring that:

   A. OneBeacon has no duty to defend the underlying defendants in the underlying actions.

   B. OneBeacon has no duty to indemnify the underlying defendants as to any verdicts, judgments, or settlements in the underlying actions.

   C. OneBeacon is entitled to judgment for its costs and disbursements incurred herein and for such other relief as may be warranted.

                YOUNG CLEMENT RIVERS, LLP


By: /Jeffrey J. Wiseman
Stephen L. Brown
    Federal ID No.:  6428
    Telephone:     (843) 720-5488
    Facsimile:       (843) 579-1351
    E-Mail:  sbrown@ycrlaw.com
Jeffrey J. Wiseman
    Federal ID No.:  9586
    Telephone:     (843) 720-5488
    Facsimile:       (843) 579-1393
    Email: jwiseman@ycrlaw.com
28 Broad Street, Charleston, SC  29401
Post Office Box 993, Charleston, SC  29402
Attorneys for OneBeacon Insurance Company

Charleston, South Carolina

Dated: